IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE A. SMITH, #040330
            Plaintiff,

vs.                                                          5:07cv45/RS/MD

WARDEN HARRIS, et al.,
            Defendants.

_____

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*.  In his complaint, he acknowledges that he has submitted "numerous actions that were dismissed as frivolous or abuse of process" and that the "three strikes" rule applies to him, such that he can have a case reviewed without pre-payment only if he is in imminent danger of serious bodily injury.  The allegations of his complaint reveal that he is not in such danger, however, and as such, the complaint is subject to summary dismissal without prejudice.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Dockets.Justia.com

28 U.S.C. § 1915(g).   Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*.   A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001); *Skillern v. Paul,* 202 Fed. Appx. 343 (11th Cir. 2006).  This is because the purpose of the PLRA is to curtail abusive prisoner litigation.  *Dupree, supra.*  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

In this case, which contains far-reaching allegations, plaintiff contends that he has been retaliated against for filing grievances, in that he was labeled a "writ writer" by institution staff and threatened with confinement if he continued his conduct, his property (a radio and glasses) was taken from him, destroyed, and not returned or replaced, and that he was denied access to the courts.  In his statement of facts he also alleges that his "Brogans," which were authorized by medical, were taken from him, that a librarian shredded his witness statements and refused to make copies for him, and that he was "accosted" by a corrections officer in the dining hall on two separate occasions, after which a verbal confrontation ensued.

The issue before the court is whether plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis. Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."   Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; *Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th  Cir. 2002).

General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

Clearly, the plaintiff's allegations, even if true, do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious physical injury. Therefore, his motion to proceed *in forma pauperis* must be denied, and this action should be dismissed without prejudice. *Dupree, supra.* Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.[1]

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 5) is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 5th day of March, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] If plaintiff chooses to file a new complaint, however, he is reminded of the requirement that each complaint must contain only allegations that are related to the same basic incident or issue, and that unrelated issues must be pursued in separate complaints.

*Case No: 5:06CV114/RS/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).